1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIANA G.,

                        Plaintiff,

            v.

COMMISSIONER OF SOCIAL
SECURITY,

                        Defendant.

Case No. C19-2056 RAJ

**ORDER REVERSING AND
REMANDING DENIAL OF
BENEFITS**

Plaintiff seeks review of the denial of her application for Supplemental Security

Income benefits.  Plaintiff contends the ALJ erred by rejecting Plaintiff's testimony, and

discounting the opinions of treating physician Christopher Coppeans, M.D., and treating

therapist Caitlyn Hendricks, LMFTA, while giving great weight to non-examining

psychologists Leslie Postovoit, Ph.D., and Bruce Eather, Ph.D.  *See* Dkt. 8, p. 1.  As

discussed below, the Court **REVERSES** the Commissioner's final decision and

**REMANDS** the matter for further administrative proceedings under sentence four of 42

U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is 28 years old, has a GED, and has no past work.  Dkt. 6, Admin. Record

("AR") 237, 318, 351.  On November 10, 2016, Plaintiff applied for benefits, alleging

disability as of March 4, 2016.  AR 351–52.  Plaintiff's applications were denied initially

and on reconsideration.  AR 351–62, 364–77.  After the ALJ conducted a hearing on July

6, 2018, the ALJ issued a decision finding Plaintiff not disabled.  AR 224–39, 303–30.

In his decision, the ALJ found Plaintiff had severe impairments of "history of

clubfeet, surgical correction for patellofemoral instability, obesity, depressive disorder,

[and] anxiety."  AR 227.  The ALJ found Plaintiff had the residual functional capacity

("RFC") to perform sedentary work with limitations.  AR 230.  Plaintiff should avoid

tasks requiring foot controls and work hazards, such as proximity to unprotected heights

and moving machinery.  *Id.*  She could never climb ladders, ropes, or scaffolds.  *Id.*  She

could remember, understand, and carry out simple and detailed instructions or tasks

generally associated with specific vocational preparation level one to three occupations.

*Id.*  She could have occasional interaction with the public, coworkers, and supervisors.

*Id.*  Considering Plaintiff's age, education, work experience, and RFC, the ALJ

determined there are jobs that exist in significant numbers in the national economy that

Plaintiff could perform.  AR 238.  Plaintiff was therefore not disabled.  AR 239.

The Appeals Council denied Plaintiff's request for review, making the ALJ's

decision the Commissioner's final decision.  AR 1–4.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits

only if the ALJ's decision is based on legal error or not supported by substantial evidence

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 2

in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

### A.      Plaintiff's Symptom Testimony

Plaintiff argues the ALJ erred in rejecting her subjective symptom testimony.  Dkt. 8, pp. 8–11.  Plaintiff testified she has difficulty walking, standing, and sitting.  *See* AR 307, 484.  She reported she can stand for about 15 minutes, and can walk for five to 30 minutes before she must stop.  *See* AR 308, 489.  She testified she can sit for about 30 minutes to an hour before needing to change positions.  *Id.* She testified the only thing that makes her foot and ankle pain better is to elevate them.  *See* AR 325.

Plaintiff testified she struggles with depression and anxiety.  *See* AR 308, 316, 484–91.  She testified she often sits in her room trying not to think about suicide.  AR 312.  She testified she "go[es] in and out of states of depression" where she gets low enough that she cannot function.  AR 320, 324.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited."  *Trevizo*, 871 F.3d at 678.  The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or other symptoms alleged."  *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014).  At this stage, the claimant need only show the impairment could reasonably have caused some degree of the symptoms; she does not have to show the impairment could reasonably be expected to cause the severity of the symptoms alleged.  *Id.*  The ALJ found Plaintiff met this step.  AR 232.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "by offering specific, clear and convincing reasons for doing so.  This is not an easy requirement to meet."  *Garrison*, 759 F.3d at 1014–15.  The ALJ rejected Plaintiff's testimony regarding the severity of her physical and mental conditions because he determined it was inconsistent with the overall medical evidence and Plaintiff's activities of daily living.  *See* AR 232–36.  This analysis does not withstand scrutiny.

### 1.    Plaintiff's Physical Symptom Testimony

An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)).  But the ALJ must explain how the medical evidence contradicts the claimant's testimony.  *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  Furthermore, the ALJ "cannot simply pick out a few isolated instances" of medical health that support his conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of [his] symptoms."  *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016).

The ALJ erred in rejecting Plaintiff's testimony regarding her physical symptoms as inconsistent with the medical evidence because the ALJ failed to adequately contextualize or accurately summarize much of the evidence to which he cited.  *See Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998) (reversing ALJ's decision where

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 4

his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). For example, the ALJ noted Plaintiff had a nerve conduction study that revealed full muscle strength "and was otherwise normal." AR 232. That was not an accurate summary, however, as the doctors performing the study noted "there appears to be some autonomic nerve dysfunction, which electrodiagnostic testing can not [sic] detect, however the quality of pain that she described to us today is most consistent with the mechanical/musculoskeletal dysfunction which is consistent with her known diagnoses." AR 546. Similarly, the ALJ noted Plaintiff had not seen her podiatrist in a year as of March 30, 2017, which the ALJ concluded indicated her "pain was generally controlled." AR 232. But again close review of the record to which the ALJ cited does not support this conclusion. Plaintiff reported she had been "in a lot of pain recently, especially this week," and was receiving new braces to help with her foot pain. AR 865.

The ALJ further erred in rejecting Plaintiff's physical symptom testimony as inconsistent with the medical evidence because the records to which he cited do not obviously contradict Plaintiff's complaints. The ALJ acknowledged findings of patellar mobility and pain, but pointed to findings such as normal range of motion and reflexes to find the record inconsistent with Plaintiff's complaints. *See* AR 232, 886, 901. Such mixed findings cannot be easily interpreted by lay individuals, and the ALJ erred in concluding they were inconsistent with Plaintiff's testimony. *See Moghadam v. Colvin*, No. C15-2009-TSZ-JPD, 2016 WL 7664487, at *6 (W.D. Wash. Dec. 21, 2016); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (*cited with approval in Hoffman v. Screen*

*Actors Guild–Producers Pension Plan*, 571 F. App'x 588, 591 (9th Cir. 2014) ("[ALJs] must be careful not to succumb to the temptation to play doctor. . . .  The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them.  Common sense can mislead; lay intuitions about medical phenomena are often wrong.") (internal citations omitted).

The ALJ also erred in rejecting Plaintiff's physical symptom testimony as inconsistent with her daily activities.  An ALJ may reject a plaintiff's symptom testimony based on her daily activities if they contradict her testimony or "meet the threshold for transferable work skills."  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).  However, "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.  One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair*, 885 F.2d at 603). None of the activities to which the ALJ cited rise to the level of significance that would contradict her testimony.  That Plaintiff walked a few thousand steps on several occasions (with no context as to what that number of steps equates to), "gingerly walked" down a small slope by Lake Washington, or rode a bike is not enough to contradict her claims of physical limitation.  *See* AR 235, 518–19, 565.  The ALJ therefore failed to give clear and convincing reasons for rejecting Plaintiff's physical symptom testimony, and harmfully erred.

### 2.     Plaintiff's Mental Symptom Testimony

The ALJ similarly erred in rejecting Plaintiff's statements regarding the severity of her mental symptoms.  The ALJ reasoned Plaintiff had received intermittent treatment and was not fully compliant with recommendations.  *See* AR 234–35.  The Ninth Circuit has "particularly criticized the use of a lack of treatment to reject mental complaints because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'"  *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–1300 (9th Cir. 1999) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)).  At least one provider noted Plaintiff had only fair to poor judgment and insight. *See* AR 817.  Plaintiff had trouble getting medication refills, at least partly due to insurance issues.  *See* AR 822, 840, 856, 1009.  The ALJ did not adequately consider these factors, and thus unreasonably rejected Plaintiff's mental symptom testimony based on noncompliance with or lack of treatment.

The ALJ further reasoned Plaintiff's mental symptom testimony was inconsistent with the medical evidence.  *See* AR 234–35.  Much like the ALJ's treatment of the evidence related to Plaintiff's physical impairments, the ALJ's summary of the evidence does not accurately reflect the overall record.  For example, the ALJ noted Plaintiff had normal psychiatric exams at several medical appointments.  *See id.*  But Plaintiff reported suicidal ideation on multiple occasions, and attempted to commit suicide in November 2017.  *See* AR 803, 831, 834.  Similarly, the ALJ found Plaintiff's symptoms were

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 7

reasonably controlled with medication and weekly counseling. *See* AR 235. But "'[t]here can be a great distance between a patient who responds to treatment and one who is able to enter the workforce.'" *Garrison*, 759 F.3d at 1017 n.23 (quoting *Scott v. Astrue*, 647 F.3d 734, 739–40 (7th Cir. 2011)). Plaintiff reported depression, anxiety, and suicidal thoughts, and the record does not support a finding that these symptoms were consistently controlled by medication and counseling. *See* AR 520, 831, 865, 885–87. The ALJ's analysis of the medical evidence did not provide a clear and convincing reason to reject Plaintiff's mental symptom testimony, and the ALJ therefore erred.

The ALJ additionally erred in rejecting Plaintiff's mental symptom testimony as inconsistent with her daily activities. *See* AR 236. Just as he did with respect to Plaintiff's physical symptom testimony, the ALJ relied on daily activities that are so basic they cannot be used to reject a claimant's subjective complaints. "'Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.'" *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (quoting *Smith v. Califano*, 637 F.2d 968, 971 (3d Cir. 1981)). That Plaintiff spent time coloring, searching online for recipes, using her laptop, and grocery shopping does not undermine her testimony regarding the severity of her mental impairments. *See* AR 236. The ALJ therefore failed to provide clear and convincing reasons for rejecting Plaintiff's mental symptom testimony, and harmfully erred.

## B.    Dr. Coppeans's Statements

Plaintiff argues the ALJ erred by failing to give great weight to Dr. Coppeans's

opinions.  Dkt. 8, pp. 7–8.  Dr. Coppeans was Plaintiff's treating physician.  *See* AR 557–61, 582–87, 677–718, 789–1041.  He diagnosed Plaintiff with depression and insomnia. *See, e.g.*, AR 798, 804–05, 832, 842, 857, 874, 895.  Dr. Coppeans did not opine as to whether Plaintiff had any specific functional limitations, or what those limitations were. *See, e.g.*, *id.*

Plaintiff has failed to show the ALJ harmfully erred with respect to Dr. Coppeans's diagnoses and records.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error).  An ALJ need not accept a medical opinion that fails to set forth any specific functional limitations.  *See Turner v. Commissioner of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (upholding ALJ's evaluation of doctor's assessment that failed to set forth any specific limitations on the claimant).  Dr. Coppeans provided diagnoses and treatment, but did not set forth any specific functional limitations for the ALJ to address.  There were accordingly no functional limitations to which Dr. Coppeans opined that the ALJ failed to incorporate into the RFC, so any error in evaluating Dr. Coppeans's statements was harmless.  *See id.*

### C.    Ms. Hendricks's Opinions

Plaintiff argues the ALJ erred in failing to give great weight to Ms. Hendricks's opinions.  Dkt. 8, pp. 7–8.  Ms. Hendricks was Plaintiff's treating therapist.  *See* AR 719–38, 1042–47.  Ms. Hendricks submitted a letter, dated June 26, 2018, opining as to

Plaintiff's conditions.  *See* AR 1046–47.  Ms. Hendricks described Plaintiff's symptoms, including severe depression, inability to maintain a regular sleep schedule, and suicidal ideation.  *See id.*  Ms. Hendricks opined that these symptoms "make it impossible for [Plaintiff] to secure employment and will require many more years of regular counseling, possibly throughout her life."  AR 1047.

The ALJ gave Ms. Hendricks's opinions little weight.  AR 236.  The ALJ reasoned Ms. Hendricks's opinions were "conclusory and appear[ed] to be based on the claimant's subjective complaints."  *Id.*  The ALJ further stated Ms. Hendricks's opinions were not supported by her treatment notes, and were inconsistent with the overall medical record.  *Id.*

Plaintiff has again failed to show harmful error.  *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09).  Much like Dr. Coppeans's statements, Ms. Hendricks's statements do not describe any functional limitations.  *See* AR 1046–47.  At most, Ms. Hendricks stated that Plaintiff could not "secure employment."  *See id.*  But a medical source statement that a claimant is "unable to work" is not a medical opinion; rather, it is an "administrative finding[] that . . . would direct the determination or decision of disability."  20 C.F.R. § 404.1527(d); *see also* 20 C.F.R. § 404.1566(a) (noting a claimant will be found not disabled if her "[RFC] and vocational abilities make it possible for [her] to do work which exists in the national economy, but [she] remains unemployed because of . . . [her] inability to get work").  Regardless of the validity of the ALJ's reasons for rejecting Ms. Hendricks's statements, then, Plaintiff has failed to show

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 10

the ALJ erroneously rejected an opinion that would alter the RFC, and thus failed to show

harmful error.  *See Turner*, 613 F.3d at 1223.

    **D.**    **Dr. Postovoit's and Dr. Eather's Opinions**

        Plaintiff argues the ALJ erred in giving great weight to the opinions of Dr.

Postovoit and Dr. Eather.  Dkt. 8, pp. 7–8.  Although an ALJ is not required to provide

reasons for accepting a medical opinion, the Court need not resolve Plaintiff's argument

because, on remand, the ALJ may reevaluate Dr. Postovoit's and Dr. Eather's opinions in

light of Plaintiff's testimony and any new evidence that may be introduced into the

record.  *See Turner*, 613 F.3d at 1223 ("the ALJ did not need to provide 'clear and

convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not

reject any of [his] conclusions").

    **E.**    **Step Five**

        Plaintiff argues the ALJ erred at step five of the disability evaluation process

because his hypotheticals to the vocational expert did not reflect all Plaintiff's limitations

established by the record.  Dkt. 8, pp. 11–12.  Because the ALJ erred in evaluating

Plaintiff's testimony, Plaintiff's argument succeeds.  *See Lingenfelter v. Astrue*, 504 F.3d

1028, 1040–41 (9th Cir. 2007) (holding that ALJ's RFC assessment and step five

determination were not supported by substantial evidence where the ALJ's RFC and

hypotheticals to vocational expert failed to include all the claimant's impairments).

    **F.**    **Scope of Remand**

        Plaintiff does not make any substantive argument for whether this matter should

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 11

be remanded for further proceedings or an award of benefits.  *See* Dkt. 8, p. 12.  Plaintiff has accordingly not shown "rare circumstances" to depart from the ordinary rule of remand for further proceedings.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  The Court therefore remands this matter for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's physical and mental symptom testimony.  The ALJ should reevaluate the opinions of Dr. Postovoit and Dr. Eather in light of Plaintiff's testimony and any new evidence introduced into the record.  The ALJ shall reevaluate all relevant steps of the disability evaluation process, and conduct further proceedings necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of August, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 12